**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

|  |  |
|---|---|
| CHINNETTE Y. PINKNEY, ) <br> 15335 BASSFORD ROAD ) <br> WALDORF, MD 20601 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> PRINCE GEORGE'S COUNTY, MD ) <br> 1301 MCCORMICK DRIVE ) <br> SUITE 4100 ) <br> LARGO, MD 20774 ) <br> ) <br> SERVE: ) <br> C/O RHONDA L. WEAVER ) <br> COUNTY ATTORNEY, PRINCE ) <br> GEORGE'S COUNTY ) <br> 1301 MCCORMICK DRIVE ) <br> SUITE 4100 ) <br> LARGO, MD 20774 ) <br> ) <br> TIFFANY GREEN ) <br> FIRE CHIEF ) <br> PRINCE GEORGE'S COUNTY FIRE ) <br> DEPARTMENT ) <br> 1301 MCCORMICK DRIVE ) <br> LARGO, MD 20774 ) <br> ) <br> ANGELA ALSOBROOKS, ) <br> COUNTY EXECUTIVE ) <br> 1301 MCCORMICK DRIVE ) <br> SUITE 4000 ) <br> LARGO, MD 20774 ) <br> ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No.** _____ <br><br> **Jury Requested** |

1

## COMPLAINT

**COMES NOW** Plaintiff, Chinnette Y. Pinkney (hereinafter "Plaintiff" or "Ms. Pinkney"), by and through her undersigned counsel, and sues Prince George's County Fire/EMS Department (hereinafter "Department" or "Defendant"), and for cause of action states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, for relief from retaliation for prior EEO activity.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq* and the Maryland Fair Employment Practices Act ("FEPA"), Md.Code Ann., State Gov't, §§ 20–601 *et seq*. and the Maryland Human Rights Act ("MHRA"), §§ 20–001 *et seq*.

3. Venue is appropriate and is based on the fact that a substantial part of the actions complained about are the result of actions and the employment practices of Defendant, a municipality within the State of Maryland. *Id*.

## EXHAUSTION OF REMEDIES

4. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against the Department alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et. seq.*, identified as EEOC Charge No. 531-2022-01178.

2

5. Plaintiff has exhausted all of her administrative remedies.

6. Plaintiff submitted a Form 5 Charge to the EEOC alleging that the Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, due to discrimination based upon reprisal.

7. On December 22, 2023, Plaintiff received a Determination of Charge and Notice of Right to Sue letter from the Equal Employment Opportunity Commission stating that Plaintiff had ninety (90) days to file suit, if she so desired.

8. On March 21, 2024, Plaintiff timely filed her action within ninety (90) days of receipt of the EEOC's "Notice of Right to Sue."

## PARTIES

9. Plaintiff is currently domiciled at 15335 Bassford Road, Waldorf, MD. Plaintiff is a resident of the State of Maryland and a United States citizen.

10. Prince George's County operates a Fire Department within the state of Maryland and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondent Superior*.

## FACTS

11. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

12. Plaintiff was a sworn employee with the Prince George's Fire Department.

13. There are two different types of employment with the Prince George's Fire Department: civilian employments and sworn employments.

14. Plaintiff was hired by the Prince George's Fire Department on November 6,

2000, as an Emergency Response Technician I.

15. Plaintiff went through recruit school from November 2000 to graduation.

16. Her first assignment out of recruit school was to Company 809, Bladensburg, in Pring George's County.

17. After 1 year, Plaintiff went to Company 830 in Landover Hills, in Prince George's County.

18. Plaintiff worked in the inspection office from May of 2013 to approximately March 2020.

19. Plaintiff was next promoted to Lieutenant on or about August 23, 2015, and held the position of Firefighter Paramedic Lieutenant. Plaintiff went to see CJ at Company 826.

20. On or about January or February 2021, Plaintiff encountered at incident at Company 826 in the female bunk room with another employee, E.V. (W/F).

21. Plaintiff outranked E.V. and was totally caught off guard be her actions and behavior.

22. E.V. knew that Plaintiff was an on-duty officer because she had observed Plaintiff in the fire house.

23. Specifically, E.V. was screaming at the top of her lungs and asking Plaintiff who she was and what she was doing there.

24. Later that same day, E.V., again, provoked Plaintiff as she entered the bunk room by shining a flashlight directly at Plaintiff in the dark, which startled Plaintiff.

25. Plaintiff immediately left the bunk room and prepared an email to Lieutenant Mattingly to report the second incident involving the flashlight incident by with E.V.

26. After she reported the incident to Mattingly, Plaintiff went to sleep. When

4

Plaintiff woke up, she was confronted by Captain Zook to write a statement about what happened between Plaintiff and E.V. because there was going to be a Violence of Workplace investigation.

27. Before she left the firehouse, Plaintiff wrote a statement as instructed by Captain Zook and gave it to him.

28. Captain Zook advised Plaintiff that both she and E.V. were being requested to write statements.

29. At that time, Plaintiff was not told that she was the subject of the Violence of Workplace investigation.

30. After Plaintiff's shift was over, she also contacted David Wilson, Assistant Fire Chief, because the disciplinary personnel and Plaintiff wanted to know the process was for writing up E.V.

31. Assistant Chief Wilson said he wanted to see what information was in the Violence of Workplace form concerning the incident with E.V. before he talked with Plaintiff about next steps.

32. Assistant Chief Wilson did not get back to Plaintiff so she reached back out to him to get a status as to whether she could write E.V. up.

33. Assistant Chief Wilson told Plaintiff that the witness and everyone also in the station that Plaintiff was the aggressor; and therefore, she should pursue her desire to write up E.V.

34. Plaintiff told Assistant Chief Wilson that she was the only Black person in this incident involving E.V. and she believes that the matter was being handled as it was because of that.

35. Plaintiff told Assistant Chief Wilson something to the effect of "oh of course

5

they will that I was the aggressor because I'm Black".

36. Plaintiff was never permitted to write up E.V.

37. Less than a year later, one of the witnesses to the incident at PG County station 826, M.L., was transferred to Plaintiff's shift.

38. Upon M.L.'s arrival, Plaintiff believed that she recognized her as one of the witnesses to the incident to EV; and Plaintiff asked M.L. "were you the female that witnessed the situation that happened with me and another female in the bunk room". M.L. said "yes".

39. After the conversation with M.L., Plaintiff was dispatched on an emergency call; and after she returned, she joined debriefing that was underway with Lieutenant DeMattia.

40. At the completion of the debriefing, Lieutenant DeMattia asked to speak with Plaintiff.

41. Lieutenant DeMattia then asked Plaintiff "did you have an issue with M.L.?"

42. Plaintiff responded "what do you mean? I don't have an issue with her."

43. Lieutenant DeMattia said M.L is saying that you don't like her, that you have something against her, and that she doesn't want to have any issues with you.

44. Plaintiff told him that M.L. is trying to form a case against her.

45. Next, Plaintiff came to work one day and there was an official notification, signed by Captain Zook, on the bunkroom door with rules and regulations for the bunkroom concerning when you are supposed to make your bunk.

46. Plaintiff went back to Assistant Chief Wilson, to inform him that she was being targeted, bullied, and harassed. Assistant Chief Wilson immediately had the letter posted on the bunkroom door removed.

47. Plaintiff also went to Chief Brian Ludden, her immediate supervisor, to advise him of the posting on the bunk room door.

48. Plaintiff contacted her immediate supervisor, Chief Ludden, to let him know she wanted to file an EEO complaint.

49. Policy and procedure required Plaintiff to first go to her immediate supervisor so that her EEO complaint could be elevated to the EEO office.

50. Plaintiff regularly engaged in EEO activities prior to filing an informal EEO complaint with the Prince George's Fire Department by making complaints to her supervisory chain of command regarding being targeted because she is Black, having her complaints disregarded, and being labeled as an aggressor.

51. By way of filing her EEO complaint, Plaintiff engaged in protected activity.

52. On or around October or November of 2021, after Plaintiff's supervisor elevated her EEO complaint, CJ Mills contacted Plaintiff to discuss her EEO complaint, the EEO officer for Prince George's County Fire Department.

53. Plaintiff went to the EEO office because she believed that she was being targeted, bullied, and harassed; and she also mentioned that she was the only Black person involved in the situations with E.V. and M.L.

54. Plaintiff's discussions with CJ Mills went on for a long time who processed her EEO complaint, including speaking with witnesses and scheduling mediation.

55. On or about December 13, 2021, Plaintiff's EEO case with dismissed.

56. The Fire Chief, Tiffany Green, was fully briefed regarding Plaintiff's EEO activities.

57. Plaintiff was placed on administrative leave by Mr. Latif after being referred to the Employee Assistance Program (EAP) by the EEO officer, CJ Mills.

58. Fire Chief Tiffany Green was aware of Plaintiff's EEO activities, and she was aware that Plaintiff was placed on administrative leave through EAP.

59. In November 2021, Plaintiff applied for the position of Fire Inspector III made under announcement number 05143 but was not selected.

60. There were two position openings to be filled for the position of Fire Inspector III.

61. There were also two application processes for the two vacant positions for Fire Inspector III.

62. The first announcement for the position of Fire Inspector III under announcement number 05002 was put out on August 10, 2021, and closed August 24, 2021, at 5pm.

63. The first announcement for the position of Fire Inspector III under announcement number 05002 had the interview process, and Plaintiff interviewed for the position on or about November 1, 2021.

64. During a conversation with J.S., Plaintiff learned that the interview process was underway, and that her name was originally on the list of the candidates to be interviewed for vacancy announcement number 05002.

65. J.S. advised that he had placed Plaintiff's name on the list for interviews under vacancy number 05002.

66. J.S. further advised Plaintiff that when he received the actual interview schedule, Plaintiff's name had been removed from the list for vacancy number 05002.

67. After reaching out to HR and complaining that she was removed from the candidate list for under vacancy number 05002, Plaintiff's name was placed back on the list and she was interviewed on November 1, 2021.

68. The second announcement for the position of Fire Inspector III under announcement number 05143 opened on October 21, 2021, and closed on November 4, 2021, at 5pm.

69. Plaintiff also applied for the position of Fire Inspector III under vacancy announcement number 05143.

70. Plaintiff had over seven years of hands-on experience conducting fire safety inspections in the Inspections office; and six of the seven years she was a Lieutenant in the Inspections Office.

71. Plaintiff also had a foundational rapport with multiple partnering agency leaders in relation to fire safety inspection, due to her development and implementation of numerous inspection programs.

72. Plaintiff successfully completed Fire Inspector I in November 2014.

73. Plaintiff successfully completed Inspector II in December 2015.

74. Plaintiff successfully completed Fire Inspector III in December 2021.

75. Defendant did not hold interviews to fill the position of Fire Inspector III under vacancy announcement number 05143.

76. At the time M.S. applied for the position of Fire Inspector III under vacancy announcement number 05143, M.S. was not a sworn employee or a civilian employee.

77. On November 24, 2021, Defendant hired M.S. over Plaintiff for the position of Fire Inspector III under vacancy announcement number 05143.

78. At the time of hire, M.S. had not completed Fire Inspector courses I, II, or III on his appointment date of January 3, 2022.

79. Under vacancy announcement number 05143, the Selectee was required to have Fire Inspector III Certification, which M.S. did not have.

80. At the time of hire, M.S. did not have any Fire Inspector courses successfully completed nor did he have the technical experience assigned to the Office of the Fire Marshals.

81. When he was hired, upon information and belief, M.S. has not submitted an application for the position of Fire Inspector III under vacancy announcement number 05143.

82. J.S. and H.P. confirmed that they had never seen M.S.'s name in either processes under vacancy announcement number 05002 or 05143 until M.S. was hired.

83. At the time M.S. was hired for the position of Fire Inspector III, he was not able to conduct fire safety inspections.

84. Unlike M.S., Plaintiff was able to conduct fire safety inspections on November 24, 2021.

85. Unlike Plaintiff, M.S. was required to shadow another inspector before being cleared to conduct fire safety inspections.

86. M.S. was selected over Plaintiff despite being less qualified than Plaintiff for the position of Fire Inspector III under announcement vacancy announcement 05143.

87. But for her participation in EEO activities, Plaintiff would have been selected for the position of Fire Inspector III under announcement vacancy announcement 05143.

### COUNT ONE
**(Discrimination on the Basis of Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

88. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

89. Plaintiff was subjected to an adverse action by not being selected for the

position of Fire Inspector III made under announcement number 05143.

90. Defendant's discriminatory actions materially affected the terms, privileges and conditions of Plaintiff's employment when she was denied career advancement with Defendant.

91. Defendant knew of Plaintiff's EEO activities prior to subjecting Plaintiff to the aforementioned material adverse employment action.

92. Plaintiff's EEO activities were a determining factor in Defendant's unlawful conduct toward Plaintiff.

93. Plaintiff's EEO activities were a motivating factor in Defendant's unlawful conduct toward Plaintiff.

94. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

95. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her protected activities.

96. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

97. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

98. Plaintiff has incurred lost wages, loss of reputation and loss of career

opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

Award compensatory damages in a fair and just amount;

    a. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    b. Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    c. Award reasonable attorney fees, costs, and expenses with pre and post judgment interest incurred for this action;

    d. Order Defendant to institute a policy and procedure to be implemented against discrimination;

    e. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    f. Award equitable, declaratory, and injunctive relief; and

    g. Award such other and further relief as this Honorable Court deems just and proper.

### Equitable Relief

99. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or

allegations contained within the preceding paragraphs, as fully set forth herein.

100. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants, and employees.

## JURY DEMAND

101. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

March 21, 2024                              Respectfully submitted,

By: */s/ Donna Williams Rucker*
Donna Williams Rucker
(MD Bar No. 40918)
MANAGING PARTNER
Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
(202) 640-2059
drucker@fedattorney.com

14